UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:19-cr-00389-JMS-DLP |
| MARCUS PETTUS (01), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTIFICATION OF ASSIGNED JUDGE,
AUTOMATIC NOT GUILTY PLEA, TRIAL DATE,
DISCOVERY ORDER AND OTHER MATTERS**

The United States of America and the defendant are hereby notified:

## I.   ASSIGNED JUDGE

The undersigned has been assigned as Judge in the above-captioned

case under the Rules of this Court upon the filing of an

Indictment/Information in the Office of the Clerk, United States District Court,

46 East Ohio Street, Room 105, Indianapolis, Indiana 46204.

## II.   ISSUANCE OF

### [ ] SUMMONS          [ X ] ARREST WARRANT

The United States Attorney for the Southern District of Indiana has

requested that the Clerk of the Court issue a summons (notice to appear) or an

arrest warrant for the defendant, and also provide a copy of the

Indictment/Information.   The requested process shall now issue.

### III.   NOT GUILTY PLEA NOW ENTERED

IT IS ORDERED that a PLEA of NOT GUILTY is now entered of record on behalf of the defendant to the charge(s) in the Indictment/Information, without prejudice to the rights of the parties to file motions that should be filed before such plea(s).

### IV.   CHANGE OF PLEA

IT IS FURTHER ORDERED that in the event the defendant desires to change the NOT GUILTY PLEA entered for the defendant this day, the defendant or the defendant's attorney acting on behalf of the defendant shall timely notify the Clerk of the Court and the United States Attorney for the Southern District of Indiana, prior to trial, by filing a Petition to Enter a Plea of Guilty.   Copies of this form are available from the Clerk of the Court.

### V.   TRIAL DATE SET

IT IS FURTHER ORDERED that the issues of this case shall be tried to a jury in the United States Courthouse at Indianapolis, Indiana, commencing in Room 307 on: **March 2, 2020 at 9:00 a.m.**   If the defendant waives trial by jury, opting instead for trial before the Court, the defendant is ORDERED to notify the United States Attorney of that intention, after which counsel for the defendant and counsel for the government shall file the appropriate motion with the Court as much in advance of trial as possible.

## VI.   ATTORNEY APPEARANCE FOR DEFENDANT; APPOINTMENT OF ATTORNEY FOR DEFENDANT

IT IS FURTHER ORDERED that defendant's attorney, if any, file a written appearance within ten (10) days from defendant's receipt of a summons or arrest warrant.   If defendant does not have an attorney and is financially unable to employ an attorney in this case, the defendant is ORDERED to notify the Clerk of the Court of these facts in writing or in person at the United States Courthouse, Room 105, 46 East Ohio Street, Indianapolis, Indiana 46204, telephone number (317) 229-3622, within five (5) days of the date of receipt of the summons or arrest warrant. If the defendant is financially unable to obtain representation and chooses to be represented by an attorney, counsel will be appointed by the Court.

IT IS FURTHER ORDERED that if no attorney has filed a written appearance for the defendant on or before five (5) days from the date of receipt by the defendant of a summons or an arrest warrant, the Clerk of the Court shall, after prompt inquiry, contact the Federal Community Defender to inquire and report the status of the defendant's representation.

NOTICE TO DEFENDANT:   You have a constitutional right to represent yourself in this case.   *Faretta v. California*, 422 U.S. 806 (1975).   If you intend to assert this right, you are ORDERED to notify the Court of your intent within five (5) days from the date you received the summons or arrest warrant so that the Court may expand upon its advice and make clear to you the dangers and

disadvantages of self-representation, and so that the record in this case will establish that you are acting with full knowledge and understanding of the consequences of your choice.   The Court cannot represent you in your case. The Court will be unable to obtain all the facts and circumstances that an attorney would obtain. If you choose to represent yourself, you risk losing your case because of detrimental errors arising from your lack of knowledge of the law and criminal procedure.   It is almost always preferable that you not represent yourself, but that you have the assistance of a qualified lawyer to represent you.   Nonetheless, if you persist in your desire to represent yourself, the Court may appoint counsel to stand by to render advice to you and to assume the responsibilities as your lawyer, should you change your mind and desire the assistance of a lawyer.

## VII.   PRETRIAL DISCOVERY

**(a)   Disclosure of Evidence by the Government**

**(1) Information Subject to Disclosure.** IT IS FURTHER ORDERED that after defense counsel has entered an appearance, counsel for the government and defense counsel shall confer promptly regarding disclosure in accordance with FED.R.CRIM.P. 16 and the requirements below:

> **(A) Defendant's Oral Statement.** Upon the defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

**(B) Defendant's Written or Recorded Statement**. Upon the defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

(i) any relevant written or recorded statement by the defendant if:

- the statement is within the government's possession, custody, or control; and

- counsel for the government knows--or through due diligence could know-- that the statement exists;

(ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and

(iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

**(C) Organizational Defendant**. Upon the defendant's request, if the defendant is an organization, the government must disclose to the defendant any statement described in Section VII, subsections (a)(1)(A) and (B) if the government contends that the person making the statement:

(i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or

(ii) was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.

**(D) Defendant's Prior Record.** Upon the defendant's request, the government must furnish the defendant with a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if counsel for the government knows--or through due diligence could know--that the record exists.

**(E) Documents and Objects.** Upon the defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

**(F) Reports of Examinations and Tests.** Upon the defendant's request, the government must permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

> (i) the item is within the government's possession, custody, or control;
>
> (ii) counsel for the government knows--or through due diligence could know--that the item exists; and
>
> (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

**(G) Expert witnesses.**   At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.   If the government requests discovery under subdivision (b)(1)(C)(ii) of this section and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition.   The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

**(H)   Exculpatory Evidence.** Any exculpatory evidence must be disclosed pursuant to *Brady v. Maryland*, 83 S.Ct. 1194 (1963).

**(I)   Other Evidence.** Upon Defendant's request, any evidence within the possession of the government which the government may introduce at trial pursuant to Rule 404(b), Federal Rules of Evidence must be disclosed.

**(2)   Information Not Subject to Disclosure Requirements.**   Except as provided in Section VII(a)(1) of this Order, this Order does not require the disclosure or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this Order require the disclosure of witnesses' names or the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.   Expert witnesses, however, must be identified as well as a summary of the scope of their anticipated testimony provided; *see* (a)(1)(G) above.

**(3) Grand Jury Transcripts.** This Order does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2 of the Federal Rules of Criminal Procedure and Section VII(a)(1)(B)(iii) of this Order.

**(b)   Defendant's Disclosure**

**(1)   Information Subject to Disclosure**.   IT IS FURTHER ORDERED that after defense counsel has entered an appearance, counsel for the

government and defense counsel   shall confer promptly regarding disclosure in

accordance with FED.R.CRIM.P. 16 and the requirements below:

**(A) Documents and Objects.** If the defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

**(B) Reports of Examinations and Tests.** If the defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

**(C) Expert witnesses.** The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if:

(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or

(ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

**(D)   Notice of Alibi Defense**

**(i)   Government's Request for Notice and Defendant's Response.** As required by FED.R.CRIM.P. 12.1, counsel for the government may request in writing that the defendant notify counsel for the government of any intended alibi defense. The request must state the time, date, and place of the alleged offense. Within 10 days after the request, or at some other time the Court sets, the defendant must serve written notice on counsel for the government of any intended alibi defense. The defendant's notice must state:

a.   each specific place where the defendant claims to have been at the time of the alleged offense; and

b.   the name, address, and telephone number of each alibi witness on whom the defendant intends to rely.

**(ii)   Disclosing Government Witnesses.**   Within 10 days after the defendant serves notice of an intended alibi defense under FED.R.CRIM.P. 12.1(a)(2), but no later than 10 days before trial, counsel for the government must disclose in writing to the defendant or the defendant's counsel:

a.   the name, address, and telephone number of each witness the government intends to rely on to establish the defendant's presence at the scene of the alleged offense; and

b.   each government rebuttal witness to the defendant's alibi defense.

**(iii)   Continuing Duty to Disclose.** Both counsel for the government and the defendant must promptly disclose in writing to the other party the name, address, and telephone number of each additional witness if:

a.    the disclosing party learns of the witness before or during trial; and

b.    the witness should have been disclosed under Rule 12.1(a) or (b) if the disclosing party had known of the witness earlier.

**(iv) Exceptions.** For good cause, the Court may grant an exception to any requirement of subsections (i) - (iii) above.

**(v) Failure to Comply.** Upon the failure of either party to comply with the requirements of subsection (D), the Court may exclude the testimony of any undisclosed witness regarding the defendant's alibi. This provision does not limit the defendant's right to testify.

**(2)  Information Not Subject to Disclosure Requirements.** Except for scientific or medical reports, Section VII(b)(1) of this Order does not require disclosure or inspection of:

**(A)** reports, memoranda, or other documents made by the defendant, or the defendant's counsel or agent, during the case's investigation or defense; or

**(B)** a statement made to the defendant, or the defendant's counsel or agent, by:

(i) the defendant;

(ii) a government or defense witness; or

(iii) a prospective government or defense witness.

**(c)  Continuing Duty to Disclose.** A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the Court if:

**(1)** the evidence or material is subject to discovery or inspection under this Order; and

**(2)** the other party previously requested, or the Court ordered, its production.

**(d)   Protective and Modifying Orders.** At any time the Court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The Court may permit a party to show good cause by a written statement that the Court will inspect *ex parte*. If relief is granted, the Court will preserve the entire text of the party's statement under seal.

**(e)   Additional Discovery or Inspection**

> **(1)**   If additional discovery or inspection is sought, counsel for defendant and counsel for the government shall confer within ten (10) days after an appearance by counsel for defendant. Such conference shall be conducted with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court.   Any request may be oral or written and opposing counsel shall respond in writing or orally.

> **(2)**   In the event any party thereafter moves for additional discovery or inspection, any such motion shall be filed within fifteen (15) days after the appearance by counsel for the defendant.

> The motion shall include the following:

> **(A)**   A statement that the conference prescribed in (1) above was held;

> **(B)**   The date of said conference; and

> **(C)**   A statement that agreement could not be reached concerning the discovery or inspection that is the subject of the motion.

## VIII.   PRETRIAL MOTIONS AND EVIDENTIARY HEARINGS

IT IS FURTHER ORDERED that all MOTIONS (including motions to suppress evidence), NOTICES, and REQUESTS of the parties contemplated by the Federal Rules of Criminal Procedure and the Federal Rules of Evidence shall be filed within thirty (30) days after either the appearance by counsel for

the defendant or the notice given by the defendant of the assertion of the right

of self-representation. Such motions shall comply with the relevant provisions

of the Federal Rules of Criminal Procedure and the Local Rules of the United

States District Court for the Southern District of Indiana, which include,

among other things, accompanying evidence, when appropriate, and briefs,

together with tendered orders.   The party opposing such motions shall

respond in like manner within fourteen (14) days.   The parties are advised that

the Court may summarily rule upon all motions except those which require an

evidentiary hearing. In the event a motion requiring an evidentiary hearing is

filed, the parties are ORDERED to advise the Court in writing of the need for

such hearing when such motion is filed.


## IX.   PLEA BARGAINING

### (a)   Legal Standard

The defendant is advised that the Supreme Court of the United States

has specifically approved plea bargaining, holding that it is "an essential

component of the administration of justice . . . to be encouraged."   *Santobello*

*v. New York*, 404 U.S. 257, 260 (1971).   In keeping with the directions of the

Court of Appeals for the Seventh Circuit, if a plea agreement is reached, the

defendant personally, counsel for the defendant and counsel for the

government are each ORDERED promptly to ADVISE this Court TRUTHFULLY

and COMPLETELY of all of the provisions of ANY PLEA NEGOTIATIONS.   The

parties are advised that this Court has not been and will not be a party to any

plea negotiations; however, the parties need not have the slightest fear of

incurring disapproval of their conduct by the Court merely because the parties

have engaged in plea negotiations.   The Court reserves the right to approve or

disapprove the recommendations of the parties resulting from such plea

negotiations.   The provisions of Rule 11(c) of the Federal Rules of Criminal

Procedure dealing with plea agreement procedures will be utilized.

**(b)   Notification to Court of Agreement**

As soon as an agreement is reached,   and sufficiently prior to trial to

avoid the necessity of summoning jurors, the parties shall notify the Court that

a trial will not be necessary.   The Court by separate order may impose a

deadline by which time the notice of a plea agreement must be conveyed to the

Court in order to avoid the imposition of jury costs.

## X.   SPECIAL SERVICES

If the defendant or counsel require special services, such as interpreter

or hearing assistance, written notice of the need for such services should be

given to the Clerk of the Court as soon as practically possible. If counsel for the

defendant or the government requires use of the Court's digital evidence

presentation system or other technological services at a hearing or at trial,

notice must be given to the courtroom deputy of the undersigned at least two weeks prior to the trial or hearing.

## XI.   CLERK TO NOTIFY PARTIES

IT IS ORDERED that the Clerk of the Court issue copies of this document for service upon the defendant and the United States Attorney for the Southern District of Indiana at the initial appearance.

**ENTERED** this 13th day of December, 2019.

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

cc:    United States Marshal
       United States Probation Office
       United States Attorney