UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:19-cr-00389-JMS-DLP |
| MARCUS PETTUS, | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States
Attorney for the Southern District of Indiana, and, MaryAnn T. Mindrum, Assistant United
States Attorney ("the government"), and the defendant, **MARCUS PETTUS** ("the Defendant"),
in person and by counsel, Gwendolyn Beitz, hereby inform the Court that a Plea Agreement has
been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The
following are its terms and conditions:

### GUILTY PLEA AND CHARGES

1.      **Plea of Guilty:** The Defendant petitions the Court for leave to enter and agrees to
enter a plea of guilty to the following offense charged in the Indictment:

> a.   Count 1, which charges that the Defendant committed the offense of sexual
> exploitation of a minor, in violation of Title 18, United States Code,
> Section(s) 2251(a) and (e).

2.      **Dismissal of Counts:**  Following imposition of sentence, the government will
move to dismiss Counts 2, 3, and 4 of the Indictment.

**3.**     **Potential Maximum Penalties**:  The offense is punishable by a term of imprisonment of fifteen (15) to thirty (30) years, a maximum fine of $250,000, and a term of supervised release of five (5) years to life following any term of imprisonment.

**4.**     **Elements of the Offense:**  To sustain a conviction to the offense to which the Defendant is pleading guilty, the government must prove the following elements to a jury beyond a reasonable doubt:

      a.  The Defendant used Minor Victim 1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and attempted to do so;

      b.  Minor Victim 1 was less than 18 years of age; and

      c.  The Defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, or that visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction had actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

## GENERAL PROVISIONS

**5.**     **Sentencing Court's Discretion Within Statutory Range:**  The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. §

2

3553(a) in determining the appropriate sentence within the statutory range; (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range; (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the Defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

6.      **Sentencing Court Not Bound by Guidelines or Recommendations:**  The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court.  The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

7.      **Plea Agreement Based on Information Presently Known:**  The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the government.  The government agrees not to bring other federal charges against the Defendant based on information currently known to the United States Attorney for the Southern District of Indiana.  The government will inform the Court and the Defendant at the time of taking

3

the Defendant's plea whether the government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

8.      **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.  The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

9.      **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The Defendant understands that the government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

10.     **Background Information:**  The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence.  The Defendant acknowledges and understands that the government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

11.     **Good Behavior Requirement:**  The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the Defendant fails to fully comply with such conditions, then the government may withdraw from this Agreement.

12.     **Compliance with Federal and State Laws:**  The Defendant understands that the obligations of the government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

## SENTENCE OF IMPRISONMENT

13.     **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

      a.     **Government's Recommendation:**     The government has agreed to recommend a term of imprisonment of **no greater than 300 months**, provided that the Defendant (i) continues to fully accept responsibility for the offense, and (ii) does not commit a new criminal offense before the date of any sentencing.

5

      **b.**    **Defendant's Recommendation:**  The Defendant understands that the Defendant is free to recommend any sentence, including one below the advisory sentencing guidelines but not lower than the statutory mandatory minimum.

**14.**    **Placement:**  The Defendant reserves the right to request that this Court recommend to the Federal Bureau of Prisons that the Defendant serve any sentence of imprisonment imposed in this case at the location they will provide during the sentencing hearing.  The Defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.  The government reserves the right to agree or disagree with the Defendant's requested recommendation after considering such recommendation.

**15.**    **Programs and/or Treatment:**  The Defendant may also request that this Court recommend to the Federal Bureau of Prisons that the Defendant participate in specific programs or receive specific treatment, while serving any sentence of imprisonment imposed in this case.  The Defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons.  The government reserves the right to agree or disagree with the Defendant's requested program or treatment recommendation after considering such recommendation.

**16.**    **Supervised Release:**  The parties understand that a period of supervised release must be ordered for a period of at least sixty (60) months and up to the life of the Defendant.  Both parties reserve the right to present evidence and arguments concerning the duration of any term of supervised release, and the terms and conditions of the release.

**17.**    **Conditions of Supervised Release:**  The parties understand and agree that the

6

Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

## MONETARY PROVISIONS AND FORFEITURE

18.      **Mandatory Special Assessment:**  The Defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

19.      **JVTA Special Assessment**:  The parties agree that the Defendant shall pay a **$5,000** special assessment per Count as required by the Juvenile Victims of Trafficking Act (JVTA), unless the Court determines that the Defendant is indigent.  18 U.S.C. § 3014.

20.      **Assessment for Producing Child Pornography**:  The parties agree that, because the Defendant is convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. § 2251(a) through (c), the Defendant shall pay an additional Special Assessment of up to **$50,000 per Count**. 18 U.S.C. § 2259A(a)(3)

21.      **Determining the Amount of 18 U.S.C. § 2259A Assessment:**  The parties understand that the Court shall consider the factors under 18 U.S.C. §§ 3553(a) and 3572, including the Defendant's income, earning capacity, and financial resources in determining the amount of such child pornography assessments within the range indicated.

22.      **Effect of Other Penalties:**  The parties understand and agree that imposition of a mandatory assessment under 18 U.S.C. § 2259A does not relieve the Defendant of, or entitle the Defendant to reduce the amount of any other penalty by the amount of the assessment.  Any

money received from a Defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

      a.  A special assessment under 18 U.S.C. § 3013.

      b.  Restitution to victims of any child pornography production or trafficking offense that the Defendant committed.

      c.  A child pornography assessment under 18 U.S.C. § 2259A.

      d.  Any other amount imposed under section of Title 18 of the United States Code, including any JVTA assessment under 18 U.S.C. § 3014.

      e.  All other fines, penalties, costs, and other payments required under the sentence.

**23.**    **Fine:** The parties reserve the right to present evidence and arguments concerning the issuance of a fine and amount of such fine.

**24.**    **Restitution:**  The parties understand that federal law requires the payment of restitution for violations of Title 18, United States Code, Section 2251, as well as other violations of Chapters 109A and 110 of the United States Code, as charged in Count 1.  These funds are intend to allow the victim to obtain counseling, support, treatment, or other assistance related to their victimization.

**25.**    **Count 1 (Minor Victim #1):** The Defendant understands that the United States has already located and identified Minor Victim #1, whose identity is known to the parties.  The Defendant understands and agrees to pay full restitution to Minor Victim #1.  However, the Defendant agrees that the amount of this restitution must **not be less than $9,000**, but could be a greater amount.

26. **Other Claims:**  Nothing in this agreement prevents any identified or unidentified victim of these offenses from seeking additional restitution or other civil relief if they choose to do so and can demonstrate losses higher than the amount of the agreed restitution.  However, at the present time, the United States does not have any such claims for additional restitution presently identified.

27.    The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

28. **Obligation to Pay Financial Component of Sentence**:  If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release.  The Defendant has a continuing obligation to pay the financial component of the sentence.  The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the government to access records to verify the Defendant's financial disclosures,  to the  government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the government to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The Defendant also authorizes the government to inspect and copy all financial documents and information held by the United States Probation Office.  If the

Defendant is ever incarcerated in connection with this case, the Defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

29.    **Forfeiture:**  The Defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offenses to which the Defendant is pleading guilty, and therefore, is subject to forfeiture to the United States. The Defendant abandons all right, title, and interest the Defendant may have in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant.  The Defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency: **One (1) blue in color Samsung Galaxy S10+ SM-G9756 cellular telephone, S/N: R38M4087NXY; and One (1) black in color Samsung Galaxy S8 SM-G95OU cellular telephone, IMEI: 355986082235095.** The Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Defendant's guilty plea is accepted. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out

in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## FACTUAL BASIS FOR GUILTY PLEA

30.    The parties stipulate and agree that the following facts establish a factual basis for the Defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

31.    On December 14, 2018, the parents of Minor Victim #1, a fourteen-year-old female, reported to the Federal Bureau of Investigation that Minor Victim #1 had been sending exploitative photos and videos of herself to various individuals via the social media application Instagram, including the Instagram user "youda1fool", who they suspected was an adult. According to Minor Victim #1's parents, the conversations they observed with "youda1fool" appeared to take place on or about December 12, 2018.  Minor Victim #1 lived and attended school in the Southern District of Indiana.

32.    Minor Victim #1 was interviewed at a child advocacy center on January 17, 2019, and disclosed the following:

        **a.**    Minor Victim #1 was followed on Instagram by the Instagram user "youda1fool" in December of 2018.  "Youda1fool" asked if Minor Victim #1 wanted to be his girlfriend, and said that all she had to do is send him photos. He told Minor Victim #1 that his name was "Marcus" and provided her with the phone number ending in 7160.

11

**b.** Marcus told Minor Victim #1 that he was 15 years old, and sent her three pictures. One was a selfie of a boy with blond hair and blue eyes, and another was a picture of his penis.

**c.** Minor Victim #1's Instagram profile explicitly stated that she was the class of '23 at her high school. Minor Victim #1 stated that she was 14 years old and in 8th grade.

**d.** At Marcus' request, Minor Victim #1 sent Marcus approximately fifty photo and video files. Many of the files depicted her masturbating or touching herself. Minor Victim #1 stated that Marcus often sent her images of nude women and asked her send him photos of her posed the same way. Marcus would also ask that she put her hair in pigtails when taking pictures for/ him. Minor Victim #1 stated that one of the videos that she created at Marcus's request depicted her choking herself by tying her underwear around her neck and a doorknob and then leaning forward until her face turned red. At least one exploitative video was sent via text message to the phone number that Marcus had provided.

33.     The FBI recovered from Minor Victim #1's telephone several exploitative image and video files of Minor Victim #1, including but not limited to the following:

| File | File Creation Date | Description |
|---|---|---|
| **File 1** | 12/12/18 | A video file depicting Minor Victim #1 nude and her uncovered genitals are visible.  Minor Victim #1 fondles her breasts while looking at the camera. |
| **File 2** | 12/12/18 | A video file approximately 3 seconds in length depicting Minor Victim #1 fondling her uncovered genitals. |
| **File 3** | 12/12/18 | A video file approximately 9 seconds in length depicting Minor Victim #1 digitally penetrating her uncovered genitals. |
| **File 4** | 12/12/18 | A video file approximately 6 seconds in length depicting Minor Victim #1 choking herself with her underwear, one end of which was tied around her doorknob.  Minor Victim #1's uncovered breasts are visible. |

34.     Task Force Officer John Pirics, Homeland Security Investigations, reviewed the video files, including Files 1 through 4, and found that some of the files that depicted Minor Victim #1 masturbating.  He also located multiple video clips of Minor Victim #1 choking herself with her underwear as she described in her interview.  Additionally, there were a few screenshots of Instagram conversations between Minor Victim #1 and youda1fool, within which he asked Minor Victim #1 for a "full body pic".

35.     Subscriber and account information for the Instagram account youda1fool indicated a registration date of November 23, 2018 and multiple logins from December 8, 2018 through December 16, 2016 from Comcast IP address 73.166.48.249.  Comcast identified the subscriber assigned to the IP address 73.166.48.249 during the time pertinent to this investigation as the Defendant, with AT&T phone number ending in 7160, and an address in Texas.

36.     The telephone number ending in 7160 was the same telephone number that Marcus provided to Minor Victim #1.  Subscriber and account information for the AT&T

telephone number ending in 7160 showed that the number was assigned to the user Marcus Pettus.

37.     The Defendant was thirty-five years old during the time of these offenses.

38.     On September 4, 2019, a federal search warrant was executed at the Defendant's residence in Texas.  The Defendant was present during the search, advised of his rights pursuant to *Miranda v. Arizona*, and agreed to be interviewed.  Among other things, the Defendant admitted the following:

a.  The Defendant stated that the "Youda1fool" Instagram username sounded familiar and that he had used the telephone number ending in 7160 in the past. The Defendant stated that he represented himself a sixteen-year-old boy on the "Youda1fool" Instagram account because he sometimes used it to communicate with people that age and trade pictures.

b.  The Defendant believed that Minor Victim #1 was underage due to a conversation they had.

c.  The Defendant admitted to asking for and receiving images and videos of Minor Victim #1 masturbating as well as gagging herself with her fingers. The Defendant also remembered asking Minor Victim #1 to choke herself.

d.  The Defendant was shown two files recovered from Minor Victim #1's telephone and he stated that he recognized those files: Files 1 and File 4. The Defendant estimated that he had received between twenty-five to fifty files of Minor Victim #1.

e.  The Defendant stated that he did not distribute the files, and only wanted them so that he could use them to masturbate.

14

      **f.**   The Defendant disclosed that he occasionally struggled with masturbation while viewing pornography online, and that some of the pornography featured children as young as sixteen years old.

**39.**    Instagram is a social media messaging application and platform.  The internet is a facility of interstate or foreign commerce.  Additionally, communications through Instagram are in or affecting interstate or foreign commerce.

**SENTENCING GUIDELINE STIPULATIONS**

**40.**    **Guideline Computations:**  Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2018 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

      a.  **Base Offense Level:**  The parties stipulate that the **base offense level is 32**, pursuant to U.S.S.G. § 2G2.1(a).

      b.  **Age:**  The parties stipulate that the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years.  Accordingly, the offense level is **increased by 2 levels**, pursuant to U.S.S.G. § 2G2.1(b)(1)(B).

      c.  **Sexual Act/Sexual Contact:**  The parties stipulate that the offense involved the commission of sexual contact (masturbation to arouse sexual gratification

of another).  Accordingly, the offense level is **increased by 2 levels**, pursuant to U.S.S.G. § 2G2.1(b)(2)(A) and 18 U.S.C. § 2246(3).

d.  **Sadistic/Masochistic/Violence:**  The parties stipulate that the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.  Accordingly, the offense level is **increased by 4 levels**, pursuant to U.S.S.G. § 2G2.1(b)(4).

e.  **Use of misrepresentation or Computer Service:**  The parties stipulate that the offense involved the use of a misrepresentation (the Defendant's identity and age) and the use of a computer or interactive service (Instagram).  Accordingly, the offense level is **increased by 2 levels**, pursuant to U.S.S.G. § 2G2.1(b)(6).

f.  **Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement and the Defendant's agreement to cooperate in and not to contest the forfeiture of the property described above, the government agrees that the Defendant should receive a two (2) level reduction *provided* the Defendant  satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.  The Defendant timely notified the government of Defendant's intention to enter a plea of guilty, thereby permitting the government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the government intends to file a

16

motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

## **WAIVER OF RIGHT TO APPEAL**

41.    **Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further expressly waives any and all challenges to the statute to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute. The Defendant further agrees that in the event the Court sentences the Defendant to a term of imprisonment **within or below the advisory sentencing guidelines range calculated by the Court**, regardless of the Defendant's criminal history category or how the sentence is calculated by the Court, then the Defendant expressly waives the Defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

42.    **Later Legal Challenges:** Additionally, the Defendant expressly agrees not to

contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

   a. **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

   b. **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense(s) and explicitly make such an amendment retroactive, the government agrees that it will not argue that this waiver bars the Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the Defendant files such a motion, the government may oppose the motion on any other grounds.  Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

   c. **Motions for Compassionate Release:**  As concerns this Section 3582 waiver, the Defendant reserves the right to file one (and only one) motion seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the Defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment

18

of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction).  However, the Defendant waives any right to file more than one motion on that basis.  This waiver also bars an appeal from the District Court's decision regarding that motion.  The government further reserves the right to oppose any motion for compassionate release on any other grounds.

43.    **No Appeal of Supervised Release Term and Conditions:**  The Defendant waives the right to appeal the length and conditions of the period of supervised release.

## OTHER CONDITIONS

44.    **Potential Civil Commitment:**  The Defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, he faces potential civil commitment as a sexually dangerous person following the expiration of his term of imprisonment.  The Defendant understands that any potential civil commitment would be the subject of a separate civil proceeding.  The Defendant further understands that no one, including his attorney or the Court, can predict with certainty the effect of his conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed.  The Defendant understands that civil commitment can be imposed for an indefinite period of time.  The Defendant nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

45.    **Sex Offender Registration:**  The Defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq.

## PRESENTENCE INVESTIGATION REPORT

**46.**     The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**47.**     The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the government at any time, including prior to entry of a formal plea of guilty.

## IMMIGRATION CONSEQUENCES

**48.**     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty.  The Defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status.  The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

## STATEMENT OF THE DEFENDANT

**49.**     By signing this document, the Defendant acknowledges the following:

        **a.**     I have received a copy of the Indictment and have
read and discussed it with my attorney.  I believe and feel that I understand every accusation
made against me in this case. I wish the Court to omit and consider as waived by me all readings
of the Indictment in open Court, and all further proceedings including my arraignment.

        **b.**     I have told my attorney the facts and surrounding circumstances as known
to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney
is fully informed as to all such matters.  My attorney has since informed, counseled and advised
me as to the nature and cause of every accusation against me and as to any possible defenses I
might have in this case.

        **c.**     I have read the entire Plea Agreement and discussed it with my attorney.

        **d.**     I understand all the terms of the Plea Agreement and those terms correctly
reflect the results of plea negotiations.

        **e.**     Except for the provisions of the Plea Agreement, no officer or agent of any
branch of government (federal, state or local), nor any other person, has made any promise or
suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a
lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty."  I
respectfully request that the Court consider in mitigation of punishment at the time of sentencing
the fact that by voluntarily pleading "Guilty" I have saved the government and the Court the
expense and inconvenience of a trial.  I understand that before it imposes sentence, the Court will
address me personally and ask me if I wish to make a statement on my behalf and to present any
information in mitigation of punishment.

   **f.**  I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

   **g.**  I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

   **h.**  I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

   **i.**  I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

   **j.**  My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

   **k.**  My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

   **l.**  If this cause is currently set for trial on the Court's calendar, I request that

this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## CERTIFICATE OF COUNSEL

**50.**     By signing this document, the Defendant's attorney and counselor certifies as follows:

    **a.**     I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

    **b.**     To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

    **c.**     The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

    **d.**     In my opinion, the Defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

    **e.**     In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on

23

behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## FINAL PROVISION

51.    **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

12 July 21
DATE

by _____, for
MaryAnn T. Mindrum
Assistant United States Attorney

12 July 21
DATE

by _____, for
Nicholas J. Linder
Deputy Chief, Fraud, Public Integrity, and
Child Exploitation Unit

7/8/2021
DATE

_____
MARCUS PETTUS
Defendant

7/12, 2021
DATE

_____
Gwendolyn Beitz
Counsel for Defendant

24