AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Indiana

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Marcus Pettus | ) Case No: 1:19-cr-00389-JMS-DLP-01 |
| | ) USM No: 99772-479 |
| Date of Original Judgment:    10/21/2021 | ) |
| Date of Previous Amended Judgment: | ) Gwendolyn Beitz (prior) |
| *(Use Date of Last Amended Judgment if Any)* | ) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑DENIED. ☐GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: _____ 09/09/2024 _____

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Jane Magnus-Stinson, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-cr-00389-JMS-DLP |
| | ) | |
| | ) | |
| MARCUS PETTUS (01), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Marcus Pettus (01) has filed a Motion to Reduce Sentence based on USSC Amendment 821. [61].[1]  Mr. Pettus was convicted of sexual exploitation of a minor. [51]. He received a sentence of 281 months. [Id].  He seeks a relief under Amendment 821, "seeking a 2 point reduction due to falling within the acceptable criteria." [61].  The Government has filed a Response in Opposition in which it asserts that Mr. Pettus is ineligible because the amendment does not apply to him [69].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).* At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Pettus. [62]. Counsel was later granted leave to withdraw. [65]. Mr. Pettus was afforded an opportunity to supplement his petition following the withdrawal [66], which he did not.

reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Pettus is ineligible for resentencing. Mr. Pettus appears to assert a claim under Part B to Amendment 821, where the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a). Part B provides a two-level reduction in offense level for many offenders who present zero criminal history points (subject to several exceptions).  In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1).  While Mr. Pettus did not receive any criminal history points, he is not eligible because he does not "meet[] all of the . . . criteria."  § 4C1.1(a). As the United States has noted, for a Mr. Pettus to qualify, the instant offense of conviction must not be a sex offense. U.S.S.G. § 4C1.1(a)(5).  But Mr. Pettus was convicted of sexual exploitation of a minor. [51].  He is therefore not eligible for this reduction.  The Court does not proceed to step two under *Dillon*.

For the foregoing reasons, Mr. Pettus' Motion to Reduce Sentence [61] is **DENIED.**

IT IS SO ORDERED.

Date: 9/9/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

<u>By U.S. Mail to:</u>
Marcus Pettus
Reg. No. 99772-479
FCI Seagoville
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX  75159

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
nick.linder@usdoj.gov

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
maryann.mindrum@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov